Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4704 | **DATE** | 9/29/2003 |
| **CASE TITLE** | Solaia Technology vs. Arvinmeritor Inc.,et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Enbridge Inc's motion to dismiss for lack of personal jurisdiction is granted. Enbridge Inc. is hereby dismissed without prejudice. Enbridge Energy Partners, L.P. motion to dismiss for lack of personal jurisdiction and failure to sate a claim is granted for lack of personal jurisdiction. The motion for failure to state a claim is dismissed as moot. Enbridge Energy Partners, L.P. is hereby dismissed without prejudice. Enbridge Energy Company's motion to dismiss for lack of subject matter jurisdiction is denied. Solaia' s motion to enjoin Rockwell from collateral proceeding for other relief is denied [203, 218-1].
(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 3 0 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 460 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TBK | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SOLAIA TECHNOLOGY LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 02 C 4704 |
| v. ) | |
| ) | Judge Ronald Guzman |
| ARVINMERITOR, INC., ) | |
| THE BOEING COMPANY, ) | |
| CALLAWAY GOLF COMPANY, ) | |
| CONOCO, INC., ) | |
| ENBRIDGE, INC., ) | |
| ENBRIDGE ENERGY COMPANY, INC., ) | |
| ENBRIDGE ENERGY PARTNERS, L.P., ) | |
| THE GILLETTE COMPANY, ) | |
| SUN CHEMICAL CORPORATION, and ) | |
| TYCO INTERNATIONAL (U.S.) INC. ) | |
| ) | |
| Defendants. ) | |

**DOCKETED SEP 3 0 2003**

## MEMORANDUM OPINION AND ORDER

Plaintiff Solaia Technology, LLC filed its complaint alleging infringement of Claims 11 and 12 of U.S. Patent No. 5,038,318 ("the '318 patent") against the above named Defendants. There are currently a number of motions before the court, including: (1) Enbridge Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction; (2) Enbridge Energy Partners, L.P. Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim; (3) Enbridge Energy Company, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction; and (4) Solaia's Motion to Enjoin Rockwell From Pursuing Collateral Proceeding and For Other Relief. The Court will address each of these motions in turn.

460

## FACTUAL BACKGROUND

On July 2, 2002, Plaintiff Solaia Technology L.L.C. filed suit against a number of Defendants alleging infringement of Claims 11 and 12 of U.S. Patent No. 5,038,318. The United States Patent and Trademark Office issued the '318 patent on August 6, 1991. The '318 patent claims a particular type of PLC control system that moves messages directly between a commercial spreadsheet on a PC and two or more PLC's without using either the operating system or any device drivers.

## DISCUSSION

### 1. Enbridge Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction

On November 14, 2002, Defendant Enbridge Inc. filed its motion to dismiss for lack of personal jurisdiction. Plaintiff did not oppose this dismissal. This Court therefore grants Enbridge Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction, and dismisses Enbridge Inc., without prejudice.

### 2. Enbridge Energy Partners, L.P. Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim

Defendant Enbridge Energy Partners, L.P., is a Delaware limited partnership publicly traded on the New York Stock Exchange. Enbridge Energy Partners, L.P. does not own any physical assets or conduct business in Illinois. However, a Prospectus produced by Enbridge Energy Management, L.L.C., not a party in this case[1], states: "[Enbridge Energy Partners] owns and operates crude oil and liquid petroleum transportation assets and natural gas gathering, treating, processing, transmission and marketing assets in the United States." Solaia has alleged that this ownership and operation is sufficient to establish personal jurisdiction. However, Enbridge Energy Partners, L.P. does not in and of itself perform the above-mentioned activity.

---

[1] Because the Court grants Enbridge Energy Partner's motion, it does not address the issue of whether this piece of evidence is hearsay.

Rather, it owns assets (a 99.999% limited partner interest in Enbridge Energy, L.P.), that perform the activity, including operating the "Lakehead System."

The activity of a partnership usually cannot be attributed to a limited partner owner of that company for purposes of determining minimum contacts. *IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*, 136 F.3d 537, 540 (7th Cir. 1998) (noting that parents of wholly owned subsidiaries necessarily control, direct, and supervise subsidiaries, but parent is not subject to jurisdiction unless there is basis for piercing the corporate veil); *LaSalle Nat'l Bank v. Vitro, Sociedad Anonima*, 85 F. Supp. 2d 857, 864 (N.D. Ill. 2000). Therefore, the assets that Enbridge Energy Partners, L.P. owns through its limited partner interest in Enbridge Energy L.P. cannot be considered in the instant case. Because this ownership interest is the only contact established by Solaia, it has failed to establish personal jurisdiction over Enbridge Energy Partners, L.P. Therefore, Enbridge Energy Partners, L.P. Motion to Dismiss for Lack of Personal Jurisdiction is granted. Enbridge Energy Partners, L.P. is dismissed without prejudice. Because the Court grants Enbridge Energy Partners' Motion to Dismiss for Lack of Personal Jurisdiction, it does not address Enbridge Energy Partners' 12(b)(6) Motion to Dismiss for Failure to State a Claim.

### 3. Enbridge Energy Company, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction

Enbridge Energy Company, Inc. has alleged that this Court lacks subject matter jurisdiction primarily because its alleged infringing activity occurs predominately in Canada. It argues that because "[o]ur patent system makes no claim to extraterritorial effect," its activities in Canada are outside the reach of Solaia's U.S. patent. In support of that contention, Enbridge Energy Company, Inc. provides affidavit testimony, stating that the "Northern Pipeline is controlled from the territory of Canada," and argues that under a "control point test," its alleged infringement is extraterritorial.

3

Solaia argues that application of a control point test here is "misguided" because it has alleged infringement wholly inside the United States. In support of this contention, it cites a Spanish-language publication *Ductos*, which states:

> [t]he SCADA [supervisory control and data acquisition computer systems] systems in the field control all the sub-systems. The field systems have direct control of actives such as crude quality and transfer of custody and direct control of the pumps and dynamic equipment.

Solaia contends that this publication establishes that there is infringing activity that occurs inside the United States. Enbridge Energy Company, Inc. asserts that this document constitutes double hearsay, and should not be considered. However, when ruling on a motion to dismiss for lack of subject matter jurisdiction the court may properly look beyond the jurisdictional allegations and view whatever evidence has been submitted on the issue. *Ezekiel v. Michel* 66 F.3d 894 (7th Cir. 1995).

Solaia has alleged sufficient facts to indicate that an infringing act may be taking place within the United States. Solaia has alleged that Enbridge Energy Company, Inc. has used infringing programmable logic controllers wholly within the United States and independent of any control point located in Canada. Thus, this case is distinguishable from *Freedom Wireless Inc. v. Boston Comm. Group Inc.*, 198 F.Supp.2d 11. That case involved the transmission of cell phone calls from towers in Canada, then into the United States, and then back into Canada. *Id.* at 13-14. The allegedly infringing activity in the United States could not be separated from the activity in Canada, for if no phone call was initiated and transmitted to the towers in Canada, no infringing activity could take place in the United States. *Id.* at 17-18. As a result, the court determined that the "control point" for the infringing activity was located in Canada and granted a motion for summary judgment of noninfringement. *Id.* In contrast, in the instant case, infringing

activity allegedly takes place entirely within the United States. Although the control point for the pipeline itself is indeed located in Canada (and is run by nonparty Enbridge Pipelines, Inc.), Solaia has produced facts showing that Enbridge Energy Company, Inc. infringes on its patents by using programmable logic controllers in valves in the pipeline located in the United States and that some of the control computers for these controllers are located within the United States. The infringement in this case is related to the programmable logic controllers, not to the pipeline itself. Because some infringement is taking place entirely within the United States, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a) and Enbridge Energy Company Inc.'s motion is denied with prejudice.

### 4. Solaia's Motion to Enjoin Rockwell From Pursuing Collateral Proceeding and For Other Relief

On December 10, 2002, Rockwell Automation, Inc. and Rockwell Software, Inc. brought an action against Schneider Automation, Inc., Solaia Technology LLC and Niro, Scavone, Haller & Niro Ltd. in the United States District Court for the Eastern District of Wisconsin ("Milwaukee Action"). In the Milwaukee Action, plaintiffs allege violations under the Sherman Antitrust Act, § 1, the Lanham Act, Unfair Competition, Conspiracy to Injure Business, Tortious Interference with Advantageous Business Relationships, and Tortious Interference with Contracts. Solaia has asked this Court to stay that proceeding, arguing that a decision in this case will necessarily decide all issues to be decided in the Milwaukee Action.

The plaintiffs in the Milwaukee Action have alleged causes of action that require the determination of numerous issues not before this Court. The Milwaukee Action also

includes several parties that are not before this Court. This is not a situation where a defendant attempts to bring compulsory counterclaims in another venue, resulting in duplicitous litigation. Indeed, Solaia has not brought an action against the plaintiffs in the Milwaukee Action. The United States District Court for the Eastern District of Wisconsin is in the best position to determine the course of its own case, so this Court leaves that determination to its sound discretion. Therefore, Solaia's Motion to Enjoin Rockwell From Pursuing Collateral Proceeding and For Other Relief is denied.

## CONCLUSION

For the foregoing reasons, this Court rules as follows. First, Enbridge Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction is granted. Enbridge Inc. is hereby dismissed without prejudice. Second, Enbridge Energy Partners, L.P. Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim is granted for Lack of Personal Jurisdiction. The Motion for Failure to State a Claim is dismissed as moot. Enbridge Energy Partners, L.P. is hereby dismissed without prejudice. Third, Enbridge Energy Company's Inc. motion to dismiss for lack of subject matter jurisdiction is denied. Fourth, Solaia's Motion to Enjoin Rockwell From Collateral Proceeding and For Other Relief is denied.[## 203, 218-1].

**SO ORDERED**　　　　　　　　　　　　　　ENTERED: 9/29/03

　　　　　　　　　　　　　　　　　　　　　　　　　**HON. RONALD A. GUZMAN**
　　　　　　　　　　　　　　　　　　　　　　　　　**United States Judge**

6