# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | Nan R. Nolan |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4704 | **DATE** | 1/27/2004 |
| **CASE TITLE** | Solaia Technology LLC vs. Arvinmeritor, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, Enbridge's motion to unseal and declassify confidential information is granted. The clerk of court is directed to unseal docket entries 389, 391, 392, 400, 421 and 424 and place them in the public record.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | 14 | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | JAN 2 8 2004 | |
| ✓ | Notices mailed by judge's staff. | | date docketed | 532 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 1/27/2004 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| hmb | courtroom deputy's initials | Date/time received in central Clerk's Office | hmb mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SOLAIA TECHNOLOGY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 02 C 4704 |
| | ) | |
| ARVINMERITOR, INC., et al. | ) | Magistrate Judge Nan R. Nolan |
| | ) | |
| Defendants. | ) | |

DOCKETED
JAN 2 8 2004

## MEMORANDUM OPINION AND ORDER

Enbridge Energy Company, Inc., Enbridge Pipelines (Lakehead) L.L.C., and Enbridge Energy Limited Partnership ("Enbridge") have filed a "Motion to Unseal and De-Classify Public, Non-Trade-Secret Information." The motion is granted.

## BACKGROUND

Enbridge moves to unseal and open to the public all portions of the court record containing references to the existence or terms of the June 4, 2001 agreement between Michael Femal ("Femal") and Plaintiff Solaia Technology LLC ("Solaia"). Schneider Automation ("Schneider") was the original owner of the '318 patent at issue in this case. Solaia has obtained from Schneider the rights to enforce the '318 patent. Femal is Schneider's in-house counsel who prosecuted the '318 patent for Schneider. At a September 11, 2003 hearing before Judge Guzman regarding Femal's motion for an order sealing all parts of the court record disclosing the existence and details of his agreement with Solaia, Judge Guzman indicated that the information in question was not confidential but as a "precautionary measure" sealed these materials until this Court could decide the issue. The issue is fully briefed and now ripe for decision.

## DISCUSSION

The Seventh Circuit has made clear that judicial proceedings are presumptively in the public domain. "What happens in the halls of government is presumptively public business. Judges deliberate in private but issue public decisions after public arguments based on public records." Union Oil Co. v. Leavell, 220 F.3d 562, 568 (7th Cir. 2000). Although pretrial discovery is usually conducted in private, "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 944-45 (7th Cir. 1999); see also Baxter Int'l, Inc. v. Abbott Laboratories, 297 F.3d 544, 545 (7th Cir. 2002) (stating "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record.").

In order to protect the legitimate privacy interests of litigants, Federal Rule of Civil Procedure 26(c) allows a court to enter a protective order sealing a portion or the whole record for good cause shown. The Seventh Circuit has stressed that a trial judge must make an independent determination of good cause, even if the parties submit an agreed protective order. Citizens, 178 F.3d at 945 (stating a judge "may not rubber stamp a stipulation to seal the record."). "The judge is the primary representative of the public interest in the judicial process" and has an independent duty to balance the public's interest against the "property and privacy interests of the litigants." Id. An independent determination of good cause prevents the parties from having "carte blanche to decide what portions of the record shall be kept secret." Id. Only genuine trade secrets or "some other properly demarcated category of legitimately confidential information," such as information covered by a recognized privilege, "matters occurring before the grand jury," or information required by statute to be maintained in confidence (i.e. the name of a minor victim of a sexual assault) are entitled to be kept secret and out of the public record. Baxter, 297 F.3d at 546; Citizens, 178 F.3d at 946.

This Court has no trouble finding that good cause has not been demonstrated for keeping the existence and the contents of the Femal agreement from the public. The Femal agreement provides that Solaia will pay Femal two percent of the gross recoveries received from the licensing or enforcement of the '318 patent in exchange for Femal's services as a consultant. The existence of the Femal agreement and its contents are not a trade secret, and neither Solaia nor Femal derive economic value from the secrecy of this information. As the Seventh Circuit has remarked, "many litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, but when these things are vital to claims made in the litigation they must be revealed." Baxter, 297 F.3d at 546. As the patent attorney that prosecuted the patent in suit in this case, Femal is a fact witness or potential witness in this matter. Femal's financial interest in the outcome of the litigation is clearly relevant to his potential bias.[1]

Solaia and non-party Schneider oppose Enbridge's motion to unseal the record. Solaia's and Schneider's arguments are so irrelevant to the good cause determination that the Court spends little time disposing of them. Solaia and Schneider complain that Enbridge improperly delayed in bringing the motion to unseal. Judge Guzman did not put any time limit on such a motion. Neither Solaia nor Schneider cite any authority regarding the proper timing of a motion to unseal. The timing of Enbridge's motion is immaterial to a determination of whether the information belongs in the public domain.

---

[1] Solaia states that Femal's compensation agreement with Solaia was modified on September 23, 2000, and he is no longer paid on the basis of any contingency. As Enbridge correctly points out, Femal has already testified at a time when he believed that he was going to collect two percent of all the money recovered from the accused infringers. Thus, the existence and terms of the agreement remain relevant.

Schneider also argues that Enbridge's motion should be denied because it failed to provide notice of its challenge in accordance with paragraph 10 of the Amended Protective order. Paragraph 10 provides that a party may make a good faith challenge to a confidential designation by providing the designating party with oral or written notice of the specific reasons why the objector believes the information should not be designated confidential. The Court finds that at the September 11, 2003 hearing before Judge Guzman, Enbridge gave prior oral notice to Femal that it did not consider the material protectable as a trade secret under Rule 26(c). See 9/11/03 transcript, p. 19. Even if Enbridge failed to provide proper notice, this is not a valid basis for finding that the materials should be barred from public disclosure. Schneider's additional assertion that Enbridge's challenge is not made in good faith is without merit.

Schneider's alleges that its competitors, including Rockwell, will use the existence and terms of the Femal agreement against Schneider in the marketplace "to harass and/or harm Schneider's competitive position" and "to impugn the character or conduct of Schneider and its distributor Square D . . . ." Schneider has not explained how the existence and details of Femal's agreement with Solaia could be used harm Schneider competitively. Schneider has also not explained why this sort of harm would be a sufficient reason to conceal the Femal information. See Baxter, 297 F.3d at 547 (holding bald assertions that disclosure could harm a party's competitive position insufficient justification for secrecy). If a competitor falsely impugns Schneider's character, Schneider may have a claim against it for any ensuing damages, but this does not justify placing the existence and the terms of the Femal agreement under seal.

Schneider makes much of the fact that the existence and terms of the Femal agreement were designated as confidential by Femal over a year and a half ago in the now settled Solaia Technology, LLC v. Jefferson-Smurfit et. al. litigation. Schneider points out that neither Rockwell nor any other

defendant in the Jefferson-Smurfit litigation objected to this confidential designation, and Rockwell expressly agreed to never challenge this confidential designation. Agreeing to keep information confidential does not establish that it may legitimately be kept from public view once the material enters the court record. Union Oil, 220 F.3d at 567 (stating "[c]alling a settlement agreement confidential does not make it a trade secret, any more than calling an executive's salary confidential would require a judge to close proceedings if a dispute erupted about payment (or termination.")).

Finally, the Court notes that litigants in this case have been improperly filing entire pleadings and briefs which allegedly contain confidential information under seal. The Court directs the parties to Pepsico, Inc. v. Redmond, 46 F.3d 29 (7th Cir. 1995) and In the Matter of Grand Jury, 983 F.2d 74 (7th Cir. 1992), which discuss the impropriety of filing entire pleadings or briefs under seal. The Amended Protective Order shall be revised to indicate that the parties must file public pleadings and briefs but may file sealed supplements if necessary to discuss in detail materials subject to the protective order. Union Oil, 220 F.3d at 568 (stating "[b]oth litigants and judges may protect properly confidential matters by using sealed appendices to briefs and opinions.").

## CONCLUSION

Enbridge's Motion to Unseal and Declassify Confidential Information is granted. The Clerk is directed to unseal docket entries 389, 391, 392, 400, 405, 421, and 424 and place them in the public record.

**ENTER:**

Nan R. Nolan
**United States Magistrate Judge**

Dated: 1/27/04