# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Mark Filip | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4704 | **DATE** | 9/29/2004 |
| **CASE TITLE** | SOLAIA TECHNOLOGY LLC vs. ARVINMERITOR, INC. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Counterclaim plaintiff Solaia Technology LLC's motion for summary judgment [498-1] is denied without prejudice.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | SEP 29 2004 | | |
| | Notified counsel by telephone. | | date docketed | | 669 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | | |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | | |
| TBK | courtroom deputy's initials | | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SEP 2 9 2004

|  |  |  |
|---|---|---|
| Solaia Technology LLC, | ) | |
| Plaintiff, | ) | No. 02-C-4704 |
| v. | ) | Judge Mark R. Filip |
| Arvinmeritor, Inc., | ) | Magistrate Judge Nan R. Nolan |
| Defendant. | ) | |
| v. | ) | |
| Rockwell Automation Inc., | ) | |
| Third-Party Defendant-Cross-Claim Plaintiff. | ) | |
| v. | ) | |
| Solaia Technology LLC, | ) | |
| Cross-Claim Defendant-Counterclaim-Plaintiff | ) | |
| v. | ) | |
| Rockwell Automation Inc., | ) | |
| Counterclaim-Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Counterclaim plaintiff Solaia Technology LLC ("Solaia") moves for summary judgment on Rockwell Automation Inc.'s ("Rockwell") "patent misuse claim (and affirmative defense)" ("Motion"). For the reasons set forth below, Solaia's Motion is denied without prejudice.

## I.  **Factual Background**

The history of litigation between the parties (before this Court and others) is long and complicated, and the Court will not summarize all of it here. Instead, the Court will recount only those facts immediately germane to the disposition of this Motion.

In July 2002, Solaia initiated this suit against ArvinMeritor, Inc. ("ArvinMeritor") and fifteen other large industrial corporations. (*See* Compl. (D.E. 1).)[1]  In its suit, Solaia alleged that the defendants infringed claims 11 and 12 of Solaia's '318 patent, which claims a type of "control system [and] processes for industrial automation in manufacturing facilities . . . ." (*Id.* ¶ 22.) ArvinMeritor (and at least some of the other defendants) allegedly utilize Rockwell-manufactured industrial automation products that, Solaia alleges, infringe the '318 patent. (*See* Third-Party Pl. ArvinMeritor, Inc.'s Third-Party Compl. (D.E. 131) ¶¶ 11, 25; Answer of Third-Party Def. Rockwell to Third-Party Pl. ArvinMeritor, Inc.'s Third-Party Compl. (D.E. 167) ¶¶ 9-11.) ArvinMeritor and other defendants filed complaints for indemnification against Rockwell, which brought Rockwell into this litigation. (*See, e.g.*, D.E. 131.)

Rockwell thereafter asserted cross-claims against Solaia, seeking a declaratory judgment that, *inter alia*, Solaia's alleged claims regarding the '318 patent are "invalid and/or unenforceable under 35 U.S.C. §§ 1 et seq." (D.E. 167 ¶ 59.) To the extent that Rockwell offered any specificity for this expansive allegation (Title 35 of the United States Code is the statutory corpus of federal patent law), Rockwell offered specifics that had nothing to do with patent misuse as identified in Solaia's Motion. For example, Rockwell averred that there was a prior art patent (*id.* ¶¶ 54-55), that Solaia's claims under the '318 patent were "anticipated under

---

[1]  The designation "D.E." refers to the docket entry number of the cited document.

35 U.S.C. § 102 or made obvious under 35 U.S.C. § 103" by the prior patent (*id.* ¶ 56), that

Solaia's claims under the '318 patent were "invalid for lack of an enabling disclosure" (*id.* ¶ 57),

as well as other averments such as that the '318 patent violated what Rockwell describes as the

"best mode and other statutory prerequisites of 35 U.S.C. § 112." (Rockwell's Mem. in Opp'n to

Solaia's Mot. for Summ. J. on Rockwell's Unenforceability Claim and Affirm. Defense (D.E.

517) at 3 (discussing D.E. 167 ¶¶ 57-58).)[2]  These issues contrast with the "patent misuse" that is

the subject of Solaia's Motion, which relates to whether Solaia has initiated objectively baseless

patent litigation against Solaia's customers.  (This "objectively baseless litigation" issue appears

to be one part of what appears to be much broader litigation pending in federal court in

Milwaukee, Wisconsin, in which there is a Wisconsin state statutory claim, various Wisconsin

common law claims, federal antitrust claims, and defamation claims, as well as other defendants

and parties besides Rockwell and Solaia.[3])

     Solaia eventually counterclaimed in the instant case against Rockwell, alleging that

Rockwell had infringed Solaia's '318 patent.  (Solaia's Reply to Rockwell's Cross-cl. for

Declaratory J. and Solaia's Compulsory Countercl. (D.E. 360).)  In answering Solaia's

---

[2]    Approximately four months later, Rockwell filed its First Amended Cross-Claim Against Solaia Technology LLC (D.E. 288), which was incorporated into a single filing that also included Rockwell's Answer to ArvinMeritor's Third Party Complaint.  This subsequent filing (D.E. 288) is materially identical for present purposes.

[3]    This litigation includes similar litigation that Solaia initially instituted against Rockwell and multiple other parties (who are not parties to the suit *sub judice*) in federal court in Chicago. Judge Gottshall ordered this litigation transferred to the Eastern District of Wisconsin (*see* D.E. 83 (Minute Order of 9/2/03) in *Solaia Tech., LLC v. Rockwell Automation*, No. 03-566 (N.D. Ill. filed Jan. 24, 2003 and transferred Sept. 2, 2003)), where the first-filed Rockwell lawsuit discussed above was filed and where the bulk of the relevant witnesses appear to be located (*see* D.E. 20 in that case (discussing location of witnesses and evidence)).

counterclaim of infringement ("Answer"), Rockwell asserted several affirmative defenses, including, *inter alia*, non-infringement, judicial estoppel, equitable estoppel, and res judicata. (D.E. 369 at 2-3.) Another of the six affirmative defenses averred that Solaia's claims related to "the '318 patent are invalid and/or unenforceable for failure to meet the requirements of the patent laws under 35 U.S.C. § 1 et seq." (*Id.* at 2.) Not one word of this Answer, and not one word of either Rockwell's original or amended cross-claims (D.E. 167, 288), alludes to the initiation of objectively baseless litigation that is the subject of Solaia's Motion for summary judgment here.

The subject of Solaia's Motion is a now-withdrawn theory of patent misuse that Rockwell once put forth in a supplemental response to one of many interrogatories propounded by Solaia, which Rockwell thereafter withdrew by amendment to the interrogatory response before Solaia filed its Motion. More specifically, Solaia initially propounded an interrogatory which requested Rockwell to "[i]dentify and describe in detail the factual bases for Rockwell's claim that the claims of the '318 patent are unenforceable." (Solaia's Statement of Material Facts (D.E. 499), Ex. A at 2.) In addition to making a procedural objection, Rockwell responded in May 2003 by setting forth a theory that the prior owner of the '318 patent participated in an industry standards-setting process, and that the prior owner failed to disclose his ownership of the '318 patent and otherwise engaged in inappropriate conduct during the standards-setting process. (Index of Exs. to Rockwell's Mem. in Opp'n to Solaia's Mot. for Summ. J. (D.E. 519), Ex. 5 at 16.) The apparent upshot of this defense, at least according to Rockwell, would have Solaia, the current owner of the '318 patent, precluded from claiming infringement relating to the use of products that the former owner of the '318 patent encouraged and worked to establish as appropriate

4

industry practice.

Rockwell later supplemented its interrogatory response to add the theory that "[t]he '318 patent is unenforceable due to patent misuse." (D.E. 499, Ex. A. at 3.) In Rockwell's approximately one-page long supplemental interrogatory response, Rockwell asserted that "[t]he patent owner has engaged in patent misuse by instituting objectively baseless litigation regarding the '318 patent and by conducting litigation regarding the '318 patent in bad faith." (*Id.* at 4.) Thus, Rockwell's patent misuse theories emerged for the first time in one supplemental response to one of Solaia's interrogatories.

On December 11, 2003, Rockwell again supplemented its response to Solaia's interrogatory in question. Rockwell explained that it withdrew "its affirmative defense of the unenforceability of the '318 patent due to patent misuse." (*Id.*, Ex. K at 2.) Rockwell stated that "[a]lthough there is ample evidence supporting this defense, Rockwell withdraws this defense to streamline the patent litigation and limit competition issues to the ongoing antitrust litigation pending in Wisconsin . . . ." (*Id.*) (As stated, this Wisconsin litigation is pending in federal court in Milwaukee, and it appears to relate to various issues and claims under Wisconsin law as well as federal law, one of which issues is the "objectively baseless litigation" contention.)

The next day, December 12, 2003, Solaia filed the present Motion for summary judgment. The Motion relates to the "objectively baseless litigation" contention of Rockwell that was withdrawn even before the Motion was filed. Solaia contends that it is entitled to summary judgment against the "objectively baseless litigation" contention, which, Solaia argues, Rockwell cannot simply withdraw. (*See, e.g.*, Solaia's Reply Mem. in Supp. of Its Mot. for Summ. J. (D.E. 534) at 2.) Rockwell challenges the factual and procedural foundations for Solaia's Motion, and

also asserts that it is substantively meritless.

## II.    **Discussion**

Summary judgment is appropriate when there is no genuine issue as to any material fact

and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Summary

judgment may be granted when no reasonable jury could return a verdict for the nonmoving

party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether

there is a genuine issue of material fact, the evidence must be viewed in the light most favorable

to the party opposing the motion, and any doubts regarding the evidence must be resolved in

favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004).

Solaia makes several arguments in support of its motion for summary judgment. Of most

relevance, Solaia first contends that Rockwell "realizes its misuse-unenforceability claim is

wholly without merit and wants to avoid adjudication of that claim." (Solaia's Mot. for Summ.

J. (D.E. 498) at 11.) In this regard, Solaia further argues that Rockwell cannot at this stage of the

litigation simply withdraw its patent misuse claim and asserts that the "patent misuse claim"

should be dismissed with prejudice under Fed. R. Civ. P. 41. (*Id.* at 11-12.) Solaia also contends

that a proper analysis of the patent claim construction issues precludes Rockwell's ability to

assert a patent misuse claim, at least in part because of a prior claims construction ruling in a case

involving Judge Holderman, *Solaia Technology LLC v. Jefferson Smurfit Corp.*, No. 01-6641

(N.D. Ill. filed Aug. 27, 2001).

Rockwell responds that, because it voluntarily withdrew the patent misuse issue from the

case, Solaia's motion should be denied as moot or deferred until resolution of the parties' cross

motions for summary judgment of noninfringement and infringement. (D.E. 517 at 8 & n.6.)

Rockwell also argues in the alternative that, if the Court reaches the merits, Solaia's motion should be denied because its infringement claim is objectively baseless. (*Id.* at 9.)

A.     Solaia's Motion Is Likely Procedurally Defective

As indicated above, Solaia's Motion essentially seeks summary judgment concerning a once-advanced-and-later-withdrawn interrogatory response that was withdrawn via amendment before the Motion was even filed. (*See, e.g.*, D.E. 534 at 2 (Solaia stating that its Motion "is narrowly drawn just to Rockwell's claim (and defense) of patent misuse") (emphasis omitted); *compare, e.g.*, D.E. 517 at 8 n.6 (Rockwell stating that "[w]e are aware of no authority to the effect that an issue raised solely in an interrogatory answer can only be withdrawn from the case via Rule 41.").) Not surprisingly, Solaia offers no authority supporting the procedural basis for such a request.

The principal case that Solaia offers on this threshold procedural issue is *Quad Environmental Technologies Corp. v. Union Sanitary District*, No. 88-1806, 1990 U.S. Dist. LEXIS 18685 (N.D. Cal. Feb. 21, 1990). There, the *Quad* district court refused to allow the defendants to withdraw three affirmative defenses after the plaintiff had moved for summary judgment on them and the defendants conceded the defenses were "groundless." (*Id.*, at *2.) But the situation in the *Quad* opinion offered by Solaia was materially different than the one in the present case. The defenses at issue there were actually pleaded in the answer and formally placed at issue. Here, in contrast, the "objectively baseless litigation" issue was only the subject of a supplemental interrogatory response that was later withdrawn. Moreover, the defendants in *Quad* conceded that their defenses were groundless, which is not the case here. Rockwell contends (and offers evidence from the record to support its contention) that it withdrew the issue

7

from the interrogatory response in order to streamline this litigation (and focus the issue into the Wisconsin litigation, where it exists with other, broader issues not present here) and to help resolve various discovery disputes that were pending before Magistrate Judge Nolan. (*See* D.E. 517 at 3; *see also, e.g.*, D.E. 519, Ex. 4 (examples of discovery rulings prompted by discovery disputes concerning this general subject).) That is materially different from a scenario in which the defenses are conceded to be baseless.

All of these distinctions are significant, but for present purposes it is worth highlighting that the defenses at issue in *Solaia*'s proffered *Quad* opinion were put at issue by having been pleaded in the answer in that case, which is not the situation here. This procedural distinction between the present case and the situation in *Quad* is reflected, as coincidence would have it, in another unpublished opinion from the *Quad* case not cited by either party. In *Quad Environmental Technologies Corp. v. Union Sanitary Dist.*, No. 88-1806, 1990 WL 288712 (N.D. Cal.[4]), Quad (the plaintiff) likewise moved for summary judgment concerning an affirmative defense. Previously, the relevant defendant itself had moved for summary judgment concerning the defense, and the district court therefore "deemed the [movant's] answer amended to include the defense." *Id.*, at *1 (Feb. 20, 1990). Thereafter, the plaintiff moved for summary judgment, asserting that the defense was baseless, and the district court evaluated what it

---

[4]     The Westlaw citation appears to include three orders from the case, which were issued on February 20, 1990, March 26, 1990 (and amended on April 3, 1990), and September 20, 1990. The Court references the date of the respective order when using the Westlaw citation. It appears as though the subject of the September 20, 1990 ruling, a finding of estoppel that resulted in a grant of summary judgment (which is not at issue here or the reason for this Court's citation of the *Quad* opinion/orders), was reversed on appeal. *See Quad Env't Techs. v. Union Sanitary Dist.*, 946 F.2d 870 (Fed. Cir. 1991). That reversal, on another issue, is not germane for present purposes.

construed as the parties' cross-motions for summary judgment. *Id.* In contrast, in the present case, Solaia has moved for summary judgment on a withdrawn interrogatory response that *never* was articulated in Rockwell's answer or counterclaim. If Solaia's summary judgment motion were granted, it would have no effect on the pleadings here.

Simply put, Solaia offers no authority for the counter-intuitive proposition that an issue raised solely in an interrogatory response can only be withdrawn from a case under the rubric of Federal Rule of Civil Procedure 41. There are substantial practical reasons to doubt the wisdom of such an approach: parties in civil litigation, even garden-variety civil litigation, frequently amend (and sometimes narrow) factual disputes in a case via amendments to interrogatory responses without triggering motion practice under Rule 41. Such informal narrowing or sharpening of issues is usually viewed as a good thing, not a bad one—at least from a judicial perspective and often from the perspective of the parties. Making such interrogatory-response-amendments the target of summary judgment motions threatens to invite a multiplicity of motions on (as here) collateral issues that would draw substantial judicial resources away from issues central to the particular case at issue and away from other cases as well.

Solaia also contends broadly that where a litigant seeks to withdraw a claim or defense without prejudice to avoid summary judgment, the issue should be decided on summary judgment in the interests of justice. Putting aside that Rockwell amended its interrogatory response before Solaia filed this Motion, and putting aside the fact that Solaia offers no support for its contention that Rockwell is trying to "avoid summary judgment" (as opposed to streamlining discovery disputes here in favor of broader litigation in Wisconsin), Solaia still overstates its position. The sole support (other than *Quad*) that Solaia offers in support of its

9

contention is *Pace v. Southern Express Co.*, 409 F.2d 331 (7th Cir. 1968). *Pace* dealt with a situation where the defendant appears to have moved for summary judgment on all claims against it, and *Pace* affirmed the district court's exercise of discretion in refusing to allow the plaintiff to withdraw her action without prejudice. *Id.* at 334. *Pace* set forth a multi-prong set of analytical guideposts to help inform district courts' exercise of discretion in deciding whether to dismiss an action without prejudice after, among other things, a summary judgment motion is filed. *Id.*

*Pace* is not helpful to Solaia's effort to bridge the apparent procedural gaps underpinning its request for summary judgment on the withdrawn interrogatory response. First, it is not clear that, even if Rockwell needed to amend its defenses or counterclaim, Rule 41 would be the proper procedural vehicle to drive the analysis. The Court's research has uncovered case law teaching that "courts have recognized that Rule 41(a) was singularly designed to allow for voluntary dismissal of entire actions only and not for dismissal of one of several claims against a defendant." *Loutfy v. R.R. Donnelley & Sons, Co.*, 148 F.R.D. 599, 602 (N.D. Ill. 1993) (collecting cases). Solaia certainly is not seeking to dismiss all of the claims against it by this Motion; as previously stated, even if Solaia's Motion were considered and found meritorious, not one of Rockwell's pleaded claims or defenses would be dismissed. In fact, not one word of Rockwell's Answer or cross-claim would need to be changed or eliminated. Moreover, Rockwell, by withdrawing a putative legal theory advanced in an interrogatory response, was not trying to dismiss any of its pleaded claims against Solaia.

Second, even if that issue were ignored, *Pace* certainly does not purport to set forth any rule that a party cannot dismiss without prejudice because another litigant wants a summary judgment ruling. As the Seventh Circuit has emphasized, this issue is one left to "the sound

discretion of the district court," *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988),

and "the very concept of discretion presupposes a zone of choice within which the trial court may

go either way in granting or denying the motion," *id.* 474 (internal quotation marks and citation

omitted). *See also, e.g., id.* (teaching that a litigant need not prevail on each of the *Pace* factors,

and that *Pace* is "simply a guide for the trial judge"); *accord, e.g., Johnston Dev. Group, Inc. v.

Carpenters Local Union No. 1578*, 728 F. Supp. 1142, 1146 (D.N.J. 1990) (collecting case law

and treatise material and stating that "[s]ince Rule 41(a)(2) only applies when an answer or a

motion for summary judgment has been filed by the defendants, the mere filing of an answer or a

motion for summary judgment could not, without more, be a basis for refusing to dismiss without

prejudice") (internal quotation marks and citation omitted).

Solaia has not provided any authority (nor has the Court found any) that supports the idea

that an interrogatory answer that was never the subject of an amendment to the pleadings, and

that if "dismissed" would not prompt any amendment even to the pleadings, can be the subject of

Rule 41 analysis.[5] Solaia's brief does not convincingly establish the propriety of granting

summary judgment on an issue that has merely been raised in an interrogatory answer rather than

---

[5] Solaia also appears to contend that the patent misuse issue has not been withdrawn from this case via the amended interrogatory response, but rather only the patent misuse issue as it relates to an affirmative defense and not as it might relate to a patent misuse claim by Rockwell in this Court (as opposed to in Wisconsin). (*See* D.E. 534 at 3.) This position is unavailing for at least two reasons. First, as explained, there is no "patent misuse" claim that was pleaded by Rockwell in its pleadings here. Second, while the issue was raised in the since-withdrawn interrogatory response, Rockwell has made clear that its withdrawal applies both to any affirmative defense or claim in this Court (as opposed to a court in Wisconsin). (*See, e.g.*, D.E. 517 at 8 ("Rockwell never pleaded a claim based on patent misuse in any claim or defense."); *id.* n.6 ("Rockwell's patent misuse claim was raised solely in an interrogatory answer, and is now withdrawn. We are aware of no authority to the effect that an issue raised solely in an interrogatory answer can only be withdrawn from the case via Rule 41. Solaia cites no such authority.").)

properly pleaded in accord with the Federal Rules of Civil Procedure.

Moreover, even if Rockwell were seeking (pursuant to Rule 41) to withdraw properly pleaded claims without prejudice, substantial authority would support the potential for such a withdrawal. On this score, the Seventh Circuit has, as explained, set forth procedural guideposts that help inform a district court's discretion. Although the Court need not rule on the Rule 41 issue, given that it is not procedurally presented, these factors are not unfavorable to Rockwell. For instance, Rockwell presents a seemingly credible reason for seeking to withdraw the issue here (*i.e.*, to avoid further discovery disputes that, as reflected in the record, already had eventuated here and to direct the issue to the Wisconsin litigation, where this issue and other related issues and parties are involved). Moreover, at the time that Rockwell sought to "dismiss" its interrogatory response (to speak in the language of Rule 41, even if that might not be warranted) Solaia had not yet moved for summary judgment. It also does not appear that Rockwell has been dilatory in pursuing this issue—in fact, it has been the subject of a separate lawsuit in Wisconsin and the aforementioned discovery practice. All of these factors would likely cut in Rockwell's favor. *See, e.g., Tyco Labs., Inc. v. Koppers Co., Inc.*, 627 F.2d 54, 56 (7th Cir. 1980) (*per curiam*) (discussing factors to inform discretionary Rule 41 analysis)[6]; *accord, e.g., Stanley Works v. Alltrade, Inc.*, No. 02-1468, 2004 WL 367619, at *3-4 (D. Conn.

---

[6]     If *Loutfy v. R.R. Donnelley & Sons, Co.*, 148 F.R.D. 599, 602 (N.D. Ill. 1993), and the precedent cited therein applies, such that the proper analytical framework is found under Federal Rule of Civil Procedure 15, as opposed to Federal Rule of Civil Procedure 41, then the Rule 15 analysis would still be a discretionary one. *See, e.g., Verhein v. South Bend Lathe, Inc.*, 598 F.2d 1061, 1063 (7th Cir. 1979) (stating that "[a] party is free to move for leave to amend, even after a motion for summary judgment has been made by the opposing party, and the ordinary standards of Rule 15(a), Fed. R. Civ. P., apply to the court's determination of whether to allow amendment") (citations omitted).

Feb. 23, 2004) (granting defendant's motion to withdraw without prejudice counterclaims and defenses that "it no longer needs to pursue," even though discovery had passed and the case was in the summary judgment stage); *DuToit v. Strategic Minerals Corp.*, 136 F.R.D. 82, 85-86 (D. Del. 1991) (granting plaintiffs' motion for voluntary dismissal pursuant to Rule 41, notwithstanding that defendants wanted a ruling on their pending summary judgment motion, and stating that "[t]he case law suggests that a plaintiff's purported desire to avoid a potential adverse determination does not warrant denial of voluntary dismissal unless the plaintiff's motion follows an indication by the court that it intends to rule against the plaintiff on the pending motion") (collecting cases).

For all of the reasons stated, it appears reasonably clear that the procedural foundation for Solaia's Motion—*i.e.*, that Rockwell cannot amend its supplemental interrogatory response without complying with Rule 41—is not well-placed. Solaia has not identified (nor has the Court's research revealed) a single case where summary judgment was granted in such an instance.

B.     A Ruling on the Merits of the Motion Should Be Deferred in Any Event

In the end, these procedural concerns do not matter because even if Solaia's Motion were procedurally well-taken, on the merits it appears that the parties' arguments are best addressed in a different context than the present Motion. Much of the parties' dispute relates to the coverage of claims 11 and 12 of the '318 patent. According to Rockwell, Solaia's infringement counterclaim is objectively baseless, as the '318 patent is unenforceable due to prosecution history that establishes disclaimer of coverage to systems like Rockwell's. In particular, Rockwell argues, the inventor of the '318 patent disclaimed coverage by distinguishing his

13

invention from systems using various computer technologies. (D.E. 517 at 1-5.)

For its part, Solaia contends that any prosecution history disclaimer arguments were resolved when Judge Holderman, in a separate case involving Solaia, Rockwell, and other accused infringers,[7] conducted a claim construction of the '318 patent. (D.E. 498 at 4-8.) Solaia argues that prosecution disclaimer must be decided in claim construction, and, because Judge Holderman already constructed the disputed claims, Rockwell is precluded—or as a matter of discretion, should be precluded—from reasserting its disclaimer arguments in the present case. (*Id.* at 7; D.E. 534 at 4-8.)

There are material practical reasons why the Court should not issue a judgment "on the merits" regarding this Motion at this time. First, as mentioned, the parties' briefs are often directed to whether the '318 patent applicant surrendered or disclaimed certain coverage and whether Judge Holderman's claim construction could preclude Rockwell's arguments that Solaia's infringement counterclaim is objectively baseless. Even though the parties have briefed these issues in some detail here, the parties have briefed these same issues in a more comprehensive fashion in their pending cross-motions for summary judgment on infringement and non-infringement. (*See, e.g.*, D.E. 603 at 9-17; D.E. 621 at 27-40, respectively.) It would, therefore, seem imprudent to resolve the present Motion on the merits, which in the present context involves arguments that are briefed in a relatively abbreviated fashion, at least as

---

[7]     In the *Jefferson Smurfit* case, Judge Holderman, pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996), construed the disputed claim language of the '318 patent. (*See* D.E. 108 (Minute Order of 3/28/02) in case No. 01-6641 (N.D. Ill. filed August 27, 2001).) The effect of Judge Holderman's claim construction, which is set forth in a minute order, was and is a matter of debate between the parties, both in the *Jefferson Smurfit* case and in subsequent litigation concerning the '318 patent, including the case *sub judice. See, e.g., Solaia v. Am. Honda*, No. 03-989 (N.D. Ill. filed Feb. 10, 2003).

compared to the more detailed treatment of the same issues in the parties' briefs for the infringement and non-infringement cross-motions.

Thus any substantive argument regarding aspects of the patent misuse issues relevant to this case (as opposed to any issues that might be relevant in what appears to be broader Wisconsin litigation) would, as Rockwell urges (D.E. 517 at 8), seem to be more appropriately resolved at some point in the future, after the infringement/non-infringement motions are resolved.[8] So, to the extent patent misuse was ever properly asserted in this case at all, and to the extent it somehow remains after Rockwell amended its interrogatory response even before Solaia filed this Motion, the time for addressing those aspects of patent-misuse that might relate to this

---

[8]    As the Court understands it, there has been a request to make this case and related litigation the subject of a multi-district-litigation proceeding. While this opinion expresses no position on that subject, the Court notes that the litigation in Wisconsin appears to be substantially broader than the litigation here in Chicago—in that, regardless of whether developments in this case might affect some aspect(s) of the Wisconsin litigation, the Wisconsin litigation involves other parties and other factual and legal issues (many relating to Wisconsin state law) that seemingly will exist regardless of what happens in any claim construction process here. (*See, e.g.*, D.E. 519, Ex. 7 at 5-6 (9/29/03 Ruling of Judge Guzman in this case (D.E. 460)) (stating that "[t]he plaintiffs in the Milwaukee Action [such as Rockwell] have alleged causes of action that require the determination of numerous issues not before this Court. The Milwaukee Action also includes several parties that are not before this Court," and rejecting Solaia's request to enjoin Wisconsin litigation); *id.*, Ex. 4 at 2 (3/6/03 discovery ruling by Magistrate Judge Nolan in this case (D.E. 308)) (finding that Solaia's requested discovery concerning alleged defamation and antitrust violations by Rockwell and others not parties to this case was not germane to this case but rather was germane to another federal suit by Solaia, which was transferred to Milwaukee from Chicago to be joined with a similar, first-filed suit of Rockwell in Milwaukee that alleges Wisconsin state law and federal antitrust claims); *id.*, Ex. 4 at 4 (3/6/03 discovery ruling by Magistrate Judge Nolan in this case (D.E. 305)) (similarly finding other discovery requested by Solaia concerning alleged defamation was not relevant to this case but rather was germane to litigation now in Wisconsin involving Rockwell, Solaia, and other parties not parties to this case).)

15

Chicago case (if any) is not now.[9]

## III.  Conclusion

All of the above considerations, both procedural and substantive, counsel against resolving the Motion on the merits at this time.  Accordingly, the Court denies Solaia's motion without prejudice.

Mark Filip
United States District Judge
Northern District of Illinois

Date: 9-29-04

---

[9]      Indeed, several of the arguments Solaia itself advances support the notion that the merits presented here should be deferred until resolution of the infringement and non-infringement cross motions for summary judgment.  For example, Solaia recognizes that Rockwell's unenforceability claim "comes down to a matter of patent claim interpretation." (D.E. 498 at 2.) Solaia states that "Rockwell's 'disclaimer' argument is the centerpiece of its cross claim against Solaia for a declaration of noninfringement[.]" (*Id.* at 4.)  In addition, Solaia asserts that "Rockwell's allegations of objectively baseless claims hinge on claim construction (which is a matter of law)." (*Id.* at 9.)  Thus, whether this Court adopts Judge Holderman's claim construction or undertakes its own *Markman* proceeding, Rockwell's unenforceability claim (and affirmative defense) and associated disclaimer arguments are best addressed in another context.